UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID H.,

          Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                             21-CV-447S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

        1.        Plaintiff David H.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since June 22, 2014, due to physical limitations largely resulting from a work accident. Plaintiff maintains that he is entitled to benefits because his impairments render him unable to work.

        2.        Plaintiff filed his application for disability benefits on February 3, 2017. After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Bryce Baird on March 18, 2019. At the time of the hearing, Plaintiff was 47 years old, with at least a high school education, and had past relevant work as an electrician. The ALJ considered the case *de novo* and, on June 11, 2019, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on February 2, 2021.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on March 29, 2021, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on August 8, 2022. (Docket Nos. 6-9.) The case was thereafter assigned here on April 3, 2023, at which time this Court took the motions under advisement without oral argument. (Docket No. 10.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's June 11, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

    9.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 404.1520.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

    10.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

>perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity but for the time period between June 22, 2014 (the alleged onset date), and July 31, 2016 (R. at 13); (2) Plaintiff's multilevel degenerative disc disease in the cervical and lumbar spine segments and history of bilateral carpal tunnel syndrome constituted severe impairments within the meaning of the Act (R. at 13); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 13-14); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567 (b), with certain

exceptions[3] (R. at 14-18); (5) Plaintiff was unable to perform his past relevant work as an electrician (R. at 18), and (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given his age, education, work experience, and RFC (R. at 19-20).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from June 22, 2014, through June 11, 2019.  (R. at 11, 20.)

13. Plaintiff challenges the ALJ's RFC determination as not supported by substantial evidence on two fronts: (1) the ALJ failed to properly incorporate the limitations set forth in the opinion of consultative examiner Harbinder Toor, M.D., and (2) the ALJ failed to adequately explain his findings concerning Plaintiff's neck mobility and time off-task. In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record. See 20 C.F.R. § 404.1545 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's

---

[3] The ALJ found that Plaintiff had the RFC to perform light work, with the following exceptions:

> lift, carry, push, and pull ten pounds frequently and 20 pounds occasionally; sit, stand, or walk up to six hours in an eight-hour workday; never use either hand to operate hand controls; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, and crouch; never crawl; never reach overhead with either arm; frequently use either arm to reach in all other directions; frequently use either hand to handle, finger, and feel; occasionally rotate, flex, and extend the neck; and perform work that allows for being off-task 5% of the workday in addition to regularly scheduled breaks.

(R. at 14.)

own assessment of limitations.  20 C.F.R. § 404.1513 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole.  See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. Id.  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *4 (W.D.N.Y. Jan. 4, 2021).

15.    Plaintiff first argues that the ALJ "cherry picked" Dr. Toor's opinion, affording it "great weight" overall, but failing to account for or explain why all limitations were not incorporated into the RFC.  In particular, Plaintiff faults the ALJ for failing to incorporate Dr. Toor's opinion that he can only sit, stand, or walk for 30 minutes each at one time, and for not explaining why that limitation is absent from the RFC.  (R. at 613.)

16.    "Cherry picking" refers to an ALJ picking and choosing within a single medical opinion, crediting the portions that support the ALJ's findings and ignoring the portions that do not.  See Dowling v. Comm'r of Soc. Sec., No. 5:19-CV-1558 (DJS), 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015) (describing "cherry picking" as "improperly

crediting evidence that supports findings while ignoring conflicting evidence from the same source.") Such a practice "suggests a serious misreading of evidence, or failure to comply with the requirement that all evidence be taken into account, or both." Id. at *11 (citing Genier v. Astrue, 606 F.3d 46, 50 (2d Cir. 2010)).

17. But the mere failure to mention portions of a medical opinion is not cherry picking: ALJs are not required to mention or address every piece of evidence presented, so long as the reviewing court can glean the rationale of the decision. See Monguer v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983). Nor do ALJs impermissibly "cherry pick" when they accept only a portion of a medical opinion, particularly when they explain their reasons for doing so. See Dowling, 2015 WL 5512408, at 11 (noting that an ALJ "must have a sound reason for weighting portions of the same-source opinions differently").

18. Here, the ALJ examined Dr. Toor's consultative opinion and adequately explained his consideration of it. (R. at 17-18.) As relevant, he fully credited Dr. Toor's opinion that Plaintiff was moderately limited from standing, walking, and sitting. (R. at 18.) And while he did not specifically mention Dr. Toor's findings that Plaintiff could sit, stand, and walk for 30 minutes at a time up to 4 hours per day each, it is apparent from the decision that the ALJ counterweighed Dr. Toor's opinion with other record evidence. For example, the ALJ noted Plaintiff's return to work and ability to independently perform activities of daily living. (R. at 18.)

19. Moreover, contrary to Plaintiff's argument, Dr. Toor's findings do not equate to the alternate sitting and standing accommodation described in SSR 83-12. For example, there is no finding or opinion that Plaintiff must *alternate* sitting and standing at any degree of frequency, and Plaintiff points to none. Thus, the RFC is consistent with

Dr. Toor's opinion. Cf. Edwards v. Berryhill, No. 17-CV-1247F, 2019 WL 2340953, at *6 (W.D.N.Y. June 3, 2019) (finding RFC for light work supported by a consultative examiner's opinion limiting the plaintiff to standing and walking for 30 minutes at a time each and standing and walking for four hours in an 8-hour day each). While Plaintiff may disagree, the record reflects that the ALJ properly considered Dr. Toor's opinion and findings and adequately explained his consideration of them. There is thus no demonstration of impermissible "cherry picking."

20. Plaintiff's second argument is that the ALJ failed to adequately explain his determinations that Plaintiff could occasionally rotate, flex, and extend his neck, and that he could perform work that allows for being off-task 5% of the workday, in addition to regularly scheduled breaks. (R. at 14.)

21. As it relates first to his neck, Plaintiff argues that the ALJ failed to point to any evidence in the record to support the determination that he could occasionally rotate, flex, and extend it. But the ALJ explicitly explained that he relied on the opinions of Dr. Toor and N. Rehmatullah, M.D., each of whom assessed Plaintiff's neck. (R. at 17-18.) Dr. Toor found that Plaintiff had a moderate limitation in twisting his neck (R. at 610); Dr. Rehmatullah found that Plaintiff had 25% decreased range of motion in his neck (R. at 401). Other evidence in the record discussed by the ALJ further indicates that Plaintiff achieved significant pain relief in his neck using over-the-counter analgesic medication and prescription medications (R. at 16), and that Plaintiff sought out treatment relatively infrequently compared to the claimed severity of his symptoms (id.). This all constitutes substantial evidence supporting the ALJ's assessment that Plaintiff could occasionally rotate, flex, and extend his neck. While Plaintiff faults the ALJ for not explaining why he

did not find a greater restriction, it is implicit in the ALJ's finding that he viewed the evidence as supporting no greater restriction than found. Since that determination is supported by substantial evidence and adequately explained, and because reweighing of the evidence is not permitted on judicial review, the ALJ's determination must be upheld. See Quinn, 199 F. Supp. 3d at 712 (noting that the ALJ must weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole).

22.   As it next relates to the ALJ's time-off-task finding, Plaintiff argues that it is not supported by substantial evidence because it is not included in any medical opinion and no explanation is provided as to how the ALJ arrived at the specific 5% off-task finding. In his decision, the ALJ noted that he relied on Dr. Toor's opinion to support his finding that Plaintiff could perform work that allows for being off-task 5% of the workday in addition to regularly scheduled breaks. (R. at 18.) But as Plaintiff correctly notes, Dr. Toor's opinion does not contain a specific 5% off-task limitation. Nonetheless, the ALJ's determination must be upheld because it is supported by substantial evidence in the record as a whole.

23.   As noted, an ALJ's RFC determination is an administrative finding that need neither track nor correspond perfectly with any single medical opinion. See Rosa, 168 F.3d at 79; Curry v. Comm'r of Soc. Sec., 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (describing the RFC as "administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear"). Medical opinion evidence is just one subset of evidence that the ALJ must consider in reaching an RFC determination. See 20 C.F.R. § 404.1513 (a)(1)-(5). While medical opinion evidence is undoubtedly important, it is not error, *per se*, for an ALJ to formulate an RFC

in the absence of it, so long as the RFC determination is otherwise supported by the evidence as a whole, as it is here. See, e.g., Cook v. Comm'r of Soc. Sec., 818 F. App'x 108, 109 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'") (internal citations omitted); Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted); Desirae D. v. Comm'r of Soc. Sec., CASE # 20-cv-54, 2021 WL 2042576, at *4 (W.D.N.Y. May 21, 2021) ("The Second Circuit has rejected plaintiff's argument and held that an RFC may be supported by substantial evidence, even if it does not correspond to any particular medical opinion.") (collecting cases).

24.     As it relates particularly to off-task limitations, there is no requirement that a specific off-task limitation be included in a medical opinion for an ALJ to find that such a limitation is warranted. See Robert T. v. Comm'r of Soc. Sec., 20-CV-930W, 2022 WL 1768919, at *4 (W.D.N.Y. June 1, 2022) ("Plaintiff's argument that the ALJ erred in determining that he would be off-task 5% of the workday is also unavailing because the RFC determination does not have to perfectly correspond with any of the opinions of medical sources as long as it is supported by the record.") (citing Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013)).  Here, the ALJ afforded Dr. Toor's opinion "great weight" because it was based upon a thorough examination that included clinically accepted neurological testing and was supported by the record.  (R. at 18.)   In making his

administrative RFC determination, the ALJ found that a 5% off-task limitation was warranted due to pain symptoms, even though Dr. Toor himself did not include one. (R. at 18, 92-93.) This determination is reasonable and supported by the record as a whole. See Johnson v. Colvin, 669 F. App'x 44, 47 (2d Cir. 2016) ("the fact that the ALJ assigned a particular percentage range (0-10%) to illustrate [plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence"). Moreover, Plaintiff does not demonstrate a more restrictive off-task limitation or overall RFC. See Smith v. Berryhill, 740 F. App'x 721, 726 (2d Cir. 2018) (noting a plaintiff's duty to prove a more restrictive RFC). Consequently, this Court finds that the ALJ's off-task limitation is supported by substantial evidence.

25.   Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     May 8, 2023
           Buffalo, New York

                                              <u>s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                              United States District Judge